1  MARK D. BRUTZKUS - Bar No. 128102
   JEFFREY A. KOBULNICK - Bar No. 228299
2  JOSEPH M. ROTHBERG - Bar No. 286363
   EZRA BRUTZKUS GUBNER LLP
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile: (818) 827-9099
5  Email:      mbrutzkus@ebg-law.com
               jkobulnick@ebg-law.com
6              jrothberg@ebg-law.com

7  Attorneys for Plaintiff Farouk Systems, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FAROUK SYSTEMS, INC., a Texas Corporation<br><br>Plaintiff,<br><br>v.<br><br>CHI NAIL FRANCHISES, LLC, a California Limited Liability Company, FAWN DIXON, an individual, COLE DIXON, an individual and DOES 1-10<br><br>Defendants. | Case No. 2:13-CV-007533<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT (15 U.S.C. §1114);**<br><br>**(2) FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c));**<br><br>**(3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**<br><br>**(4) COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**(5) CALIFORNIA TRADEMARK DILUTION (Cal. Bus. & Prof. §14247);**<br><br>**(6) UNFAIR COMPETITION (Cal. Bus. & Prof. § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Farouk Systems, Inc. ("Farouk" or "Plaintiff"), by and for its Complaint against Defendants CHI Nail Franchises, LLC, Fawn Dixon, Cole Dixon, and DOES 1 through 10, inclusive, (collectively, "Defendants") alleges to the Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States – namely, the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

2. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff and all Defendants are citizens of different states and the amount in controversy exceeds $75,000.

3. This Court has personal jurisdiction over Defendants in that they do business in the State of California.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants CHI Nail Franchises, LLC have significant contacts with this judicial district.

5. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts or omissions alleged herein took place in this District.

6. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c) because Defendant CHI Nail Franchises, LLC is a limited liability company subject to personal jurisdiction in this District.

## THE PARTIES

7. Plaintiff is a Texas corporation, organized and operating under the laws of the State of Texas, having its principal place of business at 250 Pennbright Drive, Houston, Texas 77090.

8. Upon information and belief, Defendant CHI Nail Franchises, LLC, is a California limited liability company with a business address at 9390 South Santa Monica Boulevard, Beverly Hills, California 90210.

9. Upon information and belief, Defendant Fawn Dixon is a California resident.

10. Upon information and belief, Defendant Cole Dixon is a California resident.

11. Upon information and belief, Defendants Fawn and Cole Dixon, each individuals, are the principals of CHI Nail Franchises, LLC.

12. Upon information and belief, Defendants have directed ongoing and substantial commercial activities toward the State of California and in the County of Los Angeles, including without limitation the Central District of California.

13. Plaintiff is ignorant of the true names of capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

## NATURE OF THE ACTION

14. Since its founding in 1986, Plaintiff Farouk Systems, Inc. has been a provider of high quality professional beauty care products.

15. In connection with its business and products, Farouk has used and exclusively owns many trademarks, including but not limited to a family of highly distinctive trademarks consisting of or including the term CHI, which Plaintiff has used in interstate commerce for more than 12 years in connection with a variety of nail care and beauty products throughout the United States.

16. Upon information and belief, Defendants are using the identical CHI

mark in connection with their own nail salon business in Beverly Hills, California, operating under the name "Chi Nail Bar & Organic Spa."

17. Upon information and belief, Defendants are also selling nail care goods and services at the above mentioned location and on the internet.

18. Upon learning about Defendants' infringing behavior, Plaintiff sent a letter to Defendants on September 23, 2013 demanding that Defendants cease and desist all further use of Plaintiff's CHI mark, or any other term which is confusingly similar to CHI in connection with its business.

19. Although Defendants have been made aware of Plaintiff's prior trademark rights, Defendants are still using the CHI mark in connection with nail care and beauty salons.

20. Plaintiff brings this action for trademark infringement, trademark dilution, unfair competition and related offenses arising from Defendants' unlawful use of Plaintiff's CHI mark.

## BACKGROUND FACTS

**A.     Farouk's Background, Intellectual Property and Products**

21. Plaintiff is a Houston based company that manufactures high quality professional hair care, nail and spa products. Farouk was founded by hairdresser Farouk Shami in 1986, to provide his fellow hair artists with a safer workplace environment – free of harsh chemicals, advanced knowledge through education and new professional only systems that could not be duplicated at home.

22. Farouk owns several federal trademark registrations for its family of CHI marks, including but not limited to the following:

      a. Registration No. 3,756,737 for CHI, registered March 9, 2010 for use in connection with "nail care preparations, namely, nail lacquer, nail polish base and top coat, nail polish base coat bonding liquids, cuticle oil, nail conditioning drops for quick drying of nail lacquer, and nail ridge filler" in Class 3;

b. Registration No. 3,679,218 for CHI, registered September 8, 2009 for use in connection with "manicure implements, namely, nail files, buffer blocks, and file blocks; pedicure implements, namely, nail files, buffer blocks, and file blocks" in Class 3.and

c. Registration No. 3,688,680 for CHI, registered September 29, 2009 for use with "manicure lamps" in Class 11.

True and correct copies of the above three Certificates of Registration are collectively attached hereto as **Exhibit A**. True and correct copies of publicly available U.S. Patent and Trademark Office records showing all 53 of Plaintiff's family of pending and registered CHI marks are collectively attached as **Exhibit B.**

23. Farouk's above-referenced trademark registrations are valid and subsisting and provide prima facie evidence of Farouk' ownership of and exclusive right to use the CHI mark in the United States in connection with Plaintiff's above products.

24. Farouk's CHI mark is inherently distinctive.

25. By virtue of Plaintiff's continuous use of the CHI mark with its products for many years, the mark has further acquired distinctiveness. That is, the public has come to associate the CHI mark with Farouk's high quality nail care and other products, consequently allowing Farouk to build a valuable reputation in connection with its CHI mark. Farouk has expended considerable time, effort and money in advertising and otherwise promoting its products and encouraging the public and trade to recognize CHI. As such, Farouk has acquired extensive goodwill in connection with the CHI mark in connection with nail care, spa and beauty salons. As a result of the longstanding, continuous and extensive use of Farouk's CHI mark, the mark has become famous in the minds of consumers in connection with food products.

**B.  Defendants' Unauthorized Activities**

26. Upon information and belief, long after Plaintiff had established rights to its CHI marks, Defendants began using the same CHI mark in connection with nail

salon services and related spa/beauty services, as evidenced by Defendants' CHI Nail Bar & Organic Spa website accessible at www.chi-nailbar.com.

27. Defendants have entered the same market as Plaintiff, marketing their nail salon and spa under the CHI mark.

28. Defendants' salon and above-referenced website includes prominent use of the CHI mark.

29. Upon information and belief, Defendants do not espouse the same degree of Farouk's belief in environmentally safe beauty products, specially marketed with the CHI mark.

30. Upon information and belief, Defendants have all assisted, cooperated with and conspired with one another to create, acquire, purchase, advertise, promote, distribute and/or sell products bearing through salons bearing the CHI mark without Farouk's authorization.

31. Unless enjoined, Defendants will continue to use Plaintiff's CHI mark in connection with nail care, spa and beauty products, which is likely to cause consumer confusion and dilute the strength and valuable reputation of Farouk's CHI mark.

## COUNT ONE
## (Federal Trademark Infringement)
## (15 U.S.C. § 1114)
## (Against All Defendants)

32. Farouk re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-31 above herein.

33. The federally registered CHI mark and goodwill of the business associated therewith in the United States are of great and incalculable value, highly distinctive and arbitrary and have become associated in the public mind with products of the highest quality and reputation with Farouk as the source of origin.

34. Upon information and belief, without Farouk's authorization or consent, and having knowledge of Farouk's well-known and prior rights in the CHI mark,

Defendants are using the CHI mark for their own nail salon and spa.

35.     Upon information and belief, Defendants' CHI-branded salon is marketed to the consuming public and offering nail products in direct competition with Farouk's own CHI nail products, in or affecting interstate commerce.

36.     Defendants' use in commerce of the identical CHI Mark is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of Defendants' products and services, and is likely to deceive the public into believing that Defendants' products and services originate from, is associated with or is otherwise authorized by Farouk, all to the damage and detriment of Farouk's reputation, goodwill and sales.

37.     Defendants' reproduction, counterfeiting, copying or colorable imitation of the CHI mark as applied to Defendants' labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be use and used in commerce upon or in connection the sale or re-sale, offering for sale or re-sale, distribution or advertising of goods and services is likely to cause confusion, mistake, or deception among the general purchasing public as to the origin of Defendants' unauthorized product, and is likely to deceive the public into believing that unauthorized product being sold by Defendants originates from, is associated with or is otherwise authorized by Farouk, all to the damage and detriment of Farouk's reputation, goodwill and sales.

38.     Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. Section 1114.

39.     Farouk has no adequate remedy at law and, if Defendants' activities are not enjoined, Farouk will continue to suffer irreparable harm and injury to its goodwill and reputation.  Farouk is therefore entitled to injunctive relief pursuant to 15 U.S.C. Section 1116.

40.     Pursuant to 15 U.S.C. Section 1117, Farouk is entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of its unauthorized products, and the costs of this action.  Furthermore, the foregoing

actions of Defendants were undertaken willfully and with the intention to cause confusion, mistake, or deception, thus entitling Farouk to recover treble damages and reasonable attorneys' fees.

## COUNT TWO

### (Unfair Competition and False Designation of Origin)

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

41. Farouk realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-40 of this Complaint.

42. Defendants are using Plaintiff's CHI mark as the name of a nail salon and spa, and offering the same general nature and type of products which Plaintiff has long used its own CHI mark.

43. Defendants' unauthorized use of the CHI mark is likely to cause confusion to the general purchasing public.

44. By misappropriating and using the CHI mark, Defendants misrepresent and falsely describe to the general public the origin and source of their unauthorized products and services and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such products and services.

45. Defendants' unlawful, unauthorized, and unlicensed offer for sale and sale of their nail salon services creates express and implied misrepresentations that those services are affiliated with, authorized or approved by Farouk, all to Defendants' profit and Farouk's great damage and injury.

46. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a), in that Defendants' use of the CHI Mark, in connection with Defendants' services, in interstate commerce constitutes trademark infringement, a false designation of origin and unfair competition.

47. Farouk has no adequate remedy at law and, if Defendants' activities are not enjoined, Farouk will continue to suffer irreparable harm and injury to its

business, goodwill and reputation.

48. As a result of Defendants' activities, Farouk has been damaged in an amount to be determined at trial, and including but not limited to the costs of this action. Furthermore, Defendants' continued willful violation of Farouk's rights with full knowledge of said rights entitles Farouk to recover treble damages and reasonable attorneys' fees.

## COUNT THREE
### (Federal Trademark Dilution)
### (15. U.S.C. § 1125(c))
### (Against All Defendants)

49. Farouk realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-48 of this Complaint.

50. The CHI mark is a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c)(1) and has been a famous mark prior to Defendants' conduct as alleged herein.

51. Defendants' use, advertisement, offer for sale and sale in commerce of its nail and related services, without authorization from Plaintiff, dilutes the distinctive quality of the CHI mark and is being done with the willful intent to trade on Farouk's reputation and/or to cause dilution of the CHI mark.

52. Defendants' unauthorized use of the CHI mark is likely to and does dilute Farouk's CHI mark, both by blurring the distinctiveness of the mark and by tarnishing the reputation associated therewith by offering lower quality nail products in connection with Defendants' CHI Nail Bar & Organic Spa.

53. Defendants' unauthorized use of the CHI mark on or in connection with their above-referenced services is being done with notice and full knowledge that such use of the mark was not authorized or licensed by Farouk.

54. Defendants' aforesaid acts are in knowing and willful violation of Farouk's rights in Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c).

55. Farouk has no adequate remedy at law and, if Defendants' activities are not enjoined, Farouk will continue to suffer irreparable harm and injury to its goodwill and reputation. Farouk is therefore entitled to injunctive relief pursuant to 15 U.S.C. Sections 1116 and 1125(c).

56. As a result of Defendants' illegal activities, Farouk has been damaged in an amount to be determined at trial, and including the costs of this action. Furthermore, Farouk is entitled to recover treble damages and reasonable attorneys' fees.

## COUNT FOUR

### (Common Law Trademark Infringement)

### (Against All Defendants)

57. Farouk realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-56 of this Complaint.

58. Farouk has built up valuable goodwill in the CHI mark.

59. With full knowledge of the fame and strong goodwill associated with Plaintiff's CHI mark, Defendants have traded, and continue to trade, on the goodwill associated therewith, misleading the public into assuming a connection between Defendants' services and Farouk.

60. Defendants' acts of trademark infringement cause confusion and mislead and deceive the public as to the source of Defendants' products and services, permit Defendants to pass off their products and services as Farouk's, and falsely suggest a connection between Defendants and Farouk. Unless restrained by this Court, this will continue, in violation of the common law of the State of California and to the detriment of Farouk and the unjust enrichment of Defendants.

61. Defendants' acts of trademark infringement have caused and will continue to cause Farouk irreparable harm unless restrained by this Court. Farouk is therefore entitled to injunctive relief.

62. Farouk has no adequate remedy at law.

## COUNT FIVE

**(California Trademark Dilution)**

**(California Business and Professions Code § 14247)**

**(Against All Defendants)**

63. Farouk realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-62 of this Complaint.

64. Defendant has entered the same market as Plaintiff, and has started offering services and selling products that are lower in quality than Plaintiff's own products, to trade upon the goodwill of Plaintiff and Plaintiff's CHI mark.

65. Defendants' acts have caused damage to Farouk by tarnishing the valuable reputation of and blurring the distinctiveness of the famous CHI mark in violation of California Business and Professions Code § 14247, and will continue to tarnish and destroy the value of the CHI mark unless enjoined by this Court. Farouk is entitled to injunctive relief.

66. Farouk has no adequate remedy at law.

## COUNT SIX

**(California State Unfair Competition)**

**(California Business and Professions Code §§ 17200 *et seq.*)**

**(Against All Defendants)**

67. Farouk realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-66 of this Complaint.

68. California Business and Professional Code section 17200, *et seq.* (the "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.

69. Defendants have committed acts of unfair competition as defined by the UCL. The aforesaid acts by Defendants are likely to cause injury to Farouk reputation and result in Defendants' unfairly competing with Farouk in violation of the UCL.

70. Defendants' actions as alleged above violate the "unfair" prong of the

UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Farouk; (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers; and (c) such action constitute incipient violations of state and federal antitrust laws.

71.   Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

72.   Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in the Counts above.  Defendants' violation of each of those statutes represents an independently actionable unlawful business practice in violation of the UCL.

73.   The UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition.

74.   As a direct and proximate result of the aforementioned acts by the Defendants, Farouk has suffered a monetary loss in an amount to be proven at trial. Accordingly, Farouk is entitled to restitution and/or disgorgement of profits realized by Defendants by reason of Defendants' unlawful acts.

75.   Defendants' conduct has injured Farouk and unless enjoined, will continue to cause great, immediate and irreparable injury to Farouk.

76.   Farouk is without an adequate remedy at law.

77.   Farouk is therefore entitled to injunctive relief, equitable relief, and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203.

## PRAYER

**WHEREFORE**, Farouk demands judgment:

877123_2

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

    a. from using in any manner the CHI mark, alone or in combination with any word or words, as part of a mark, trade name, or domain name, on or in connection with the advertising, offering for sale or sale of any product or service in the nail, hair or beauty care field;

    b. from passing off, inducing, or enabling others to sell or pass off any product or service as affiliated with, authorized or approved by Farouk;

    c. from committing any acts calculated to cause purchasers to believe that Defendants' products or services are those sold under the control and supervision of Farouk, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Farouk;

    d. from further diluting and infringing the CHI mark and damaging Farouk's goodwill; and

    e. from otherwise competing unfairly with Farouk.

2. That Defendants be required upon service of this Complaint to immediately supply Farouk with a complete list of all businesses, stores, salons, or other business locations that have been branded with Farouk's CHI mark.

3. That Defendants be required to transfer the domain name CHI-NAILBAR.COM to Plaintiff, along with any other domain names in Defendants' possession, custody or control which incorporates the CHI mark.

4. That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Farouk a written report under oath with penalty of perjury setting forth in detail the manner in which Defendants have complied with paragraphs 1 through 3, above.

5. That Defendants account for and pay over to Farouk profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of damages from infringement of the CHI mark be increased by a sum not exceeding three times the amount thereof as provided by law.

6. That Farouk be awarded statutory damages in an amount to be determined at trial for Defendants' willful counterfeiting of the CHI mark.

7. That Farouk be awarded punitive damages in an amount to be proven at trial.

8. That Farouk be awarded reasonable attorneys fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth in 15 U.S.C. § 1117.

9. That Defendants be ordered to disgorge all of their ill-gotten gains pursuant to California Business and Professions Code § 17203.

Dated:  October 10, 2013                    EZRA BRUTZKUS GUBNER LLP

                                            By: _____
                                              MARK D. BRUTZKUS
                                              JEFFREY A. KOBULNICK
                                              JOSEPH ROTHBERG
                                            Attorneys for Plaintiff
                                            Farouk Systems, Inc.

# **DEMAND FOR JURY TRIAL**

Plaintiff Farouk Systems, Inc. hereby demands a trial by jury for all issues so triable in this action.

Dated: October 10, 2013          EZRA BRUTZKUS GUBNER LLP

By: _____
MARK D. BRUTZKUS
JEFFREY A. KOBULNICK
JOSEPH ROTHBERG
Attorneys for Plaintiff
Farouk Systems, Inc.